**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GINNY LYNN NORRIS,

        Plaintiff,

vs.                              Case No. 6:16-cv-2040-Orl-37JRK

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status

Ginny Lynn Norris ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is mainly a result of chronic pain in her legs and back, asthma, and mental disorders. Modified Transcript of Administrative Proceedings (Doc. No. 21; "Tr." or "modified administrative transcript"), filed August 21, 2017, at 798, 799, 801, 802.

This case has a long and tortured history that is explained in detail below.  The ultimate issue comes down to whether the Administrative Law Judge's decision being reviewed by this Court failed to comply with the Appeals Council's explicit instruction to

---

[1]  "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

consolidate several applications and render a new decision based on all of the then-pending applications. But, the issue is complicated because Defendant requests that this Court consider a proposed supplemental transcript, filed late in the case, after Plaintiff's Brief was filed. A discussion follows.

## II. Proceedings in the SSA and the Prior Case in this Court

On November 12, 2009, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of January 1, 2007 in the DIB application, and an onset disability date of February 1, 2006 in the SSI application.[2] Tr. at 146-50 (DIB), 140-45 (SSI). It was later determined by the SSA that due to prior applications in which Plaintiff claimed an onset date after 2006, Plaintiff could "not use 2006" for her onset date in these applications. Tr. at 238 (emphasis omitted). Plaintiff therefore proceeded with January 1, 2007 as the alleged onset date. See Tr. at 763; Plaintiff's Brief (Doc. No. 19; "Plaintiff's Brief" or "Pl.'s Br."), filed July 17, 2017, at 2 n.1. Plaintiff's applications were denied initially, see Tr. at 102-05, 543 (DIB); Tr. at 97-101, 544 (SSI), and were denied upon reconsideration, see Tr. at 92-94, 545 (DIB); Tr. at 89-91, 546 (SSI).[3]

On February 7, 2011, an Administrative Law Judge ("first ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel; a vocational expert ("VE"); and two medical experts ("ME(s)"). See Tr. at 761-826. At the time of the hearing, Plaintiff

---

[2] Although actually completed on November 12, 2009, see Tr. at 140, 146, the protective filing date of the applications is listed elsewhere in the modified administrative transcript as October 26, 2009, see, e.g., Tr. at 543-46.

[3] The modified administrative transcript also includes denials and reconsideration denials for earlier-filed June 1, 2007, April 15, 2008 and November 24, 2008 applications. See Tr. at 44-45, 46-47, 48, 109-12, 113-16, 117-120, 121-24, 125-28, 129-32, 133. These earlier-filed applications are not at issue in this appeal. See Pl.'s Br. at 2, 2 n.2.

was thirty-seven years old. Tr. at 793. On March 11, 2011, the first ALJ issued a decision finding that Plaintiff was disabled, but that Plaintiff's "substance [abuse was] a contributing factor material to the determination of disability." Tr. at 550-64, 563 (emphasis and citation omitted). The ALJ therefore found that Plaintiff was not "disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of th[e] decision." Tr. at 563 (emphasis omitted). On September 14, 2012, the Appeals Council denied Plaintiff's request for review, making the first ALJ's Decision the final decision of the Commissioner. Tr. at 565-67.

On October 31, 2012, Plaintiff commenced an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) in the Orlando Division of this Court, seeking judicial review of the Commissioner's final decision. <u>See</u> Complaint (Doc. No. 1), <u>Norris v. Comm'r of Soc. Sec.</u>, 6:12-cv-1632-Orl-41TBS. On January 25, 2013, Defendant filed an Unopposed Motion to Remand, in which Defendant sought to remand the matter pursuant to sentence six of 42 U.S.C. § 405(g)[4] and § 1383(c)(3) so that the Appeals Council could "review any materials submitted by [P]laintiff's representative and, if all materials are complete, [prepare] the certified administrative record." Tr. at 573. Defendant represented, "If not, the Appeals Council will remand the case to an [ALJ] for reconstruction of the administrative record." Tr. at 573. On February 13, 2013, upon the recommendation of Thomas B. Smith, United

---

[4] Under sentence six of 42 U.S.C. § 405(g), "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." Courts have construed this sentence as allowing a Court to remand a matter for additional evidence to be taken, so long as a claimant meets the burden of showing good cause. <u>See, e.g.</u>, <u>Cherry v. Heckler</u>, 760 F.2d 1186, 1192 (11th Cir. 1985).

States Magistrate Judge, an Order was entered by Charlene Edwards Honeywell, United States District Judge, remanding the Commissioner's decision pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative action. See Tr. at 569-70 (Order); Tr. at 571-72 (Report and Recommendation).

On remand from this Court, the Appeals Council entered an Order on March 20, 2013 vacating the Commissioner's final decision and remanding the case to the first ALJ for further proceedings. Tr. at 578-80. One of the reasons for the remand was that "the hearing decision contain[ed] a list of exhibits that describe[d] the evidence of record considered," but "exhibits 16F through 26F [could not] be located," so "further development [was] necessary." Tr. at 578. Another reason was that "further evaluation of [Plaintiff's] mental impairments [was] warranted." Tr. at 578. Accordingly, the Appeals Council included a host of instructions for the first ALJ on remand. Tr. at 578-80.

The first ALJ on remand held a hearing on March 11, 2014, during which he heard from Plaintiff, who remained represented by counsel, and from a VE and a ME. See Tr. at 1215-55. When this hearing occurred, Plaintiff was forty-one years old. Tr. at 1232. After the hearing, on June 9, 2014, the first ALJ wrote a letter to Plaintiff's counsel proposing to include a list of exhibits as "additional evidence" in the file and inviting counsel to comment on it.[5] Tr. at 837-38. In response, Plaintiff's counsel wrote a June 21, 2014 letter commenting on the additional evidence. Tr. at 40-43, 839-42 (duplicate).

---

[5] Plaintiff's counsel was also provided the opportunity to submit "a written statement as to the facts and law [he] believe[d] appl[ied] to the case in light of that evidence"; to submit "any additional records" counsel wanted the ALJ to consider; to "submit written questions to be sent to the author(s) of the enclosed report(s); or to "request a supplemental hearing." Tr. at 838.

On July 18, 2014, the first ALJ issued another decision finding Plaintiff not disabled through the date of the decision. Tr. at 15-39. Plaintiff opted not to seek review by the Appeals Council, see Pl.'s Br. at 3, instead filing, on September 30, 2014, an Amended Complaint in the original case in this Court, see Am. Compl. (Doc. No. 14), 6:12-cv-1632-Orl-41TBS. After the filing of the Amended Complaint and a Motion to Reopen the Case by Defendant (Doc. No. 15), 6:12-cv-1632-Orl-41TBS, the case was reopened and assigned to Carlos E. Mendoza, United States District Judge, along with Judge Smith (Doc. Nos. 16, 17), 6:12-cv-1632-Orl-41TBS.

Upon the unopposed motion of Defendant and the recommendation of Judge Smith, Judge Mendoza on May 18, 2015 entered an Order reversing and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g). See Motion (Doc. No. 23), 6:12-cv-1632-Orl-41TBS; Report and Recommendation (Doc. No. 24), 6:12-cv-1632-Orl-41TBS; Order (Doc. No. 25), 6:12-cv-1632-Orl-41TBS. The instructions on remand were as follows:

> On remand, it is expected that the [ALJ] will offer Plaintiff the opportunity to appear and testify in person at a hearing and obtain further evidence from a psychological medical expert, who should review all mental health evidence available, to clarify the nature and severity of Plaintiff's impairments in accordance with 20 C.F.R. §§ 404.1527(e) and 416.927(e) and Social Security Ruling 96-6p; and give further consideration to all opinions, including those of consultative examiners and State agency consultants, pursuant to the provisions of 20 C.F.R. §§ 404.1527 and 416.927 and Social Security Rulings 96-2p, 96-5p, 96-6p; and explain the weight given to such opinion evidence.

Order (Doc. No. 25), 6:12-cv-1632-Orl-41TBS; see also Judgment (Doc. No. 26), 6:12-cv-1632-Orl-41TBS. None of the documents from Case No. 6:12-cv-1632-Orl-41TBS referred to in this paragraph or the preceding paragraph are contained in the modified administrative transcript.

On remand from this Court, the Appeals Council entered an Order on November 20, 2015, vacating the Commissioner's final decision and remanding the matter to a different ALJ ("second ALJ") for further proceedings. Tr. at 1318-20. The second ALJ was given the following instructions.

Upon remand, the [second ALJ] will:

• Offer [Plaintiff] the opportunity to appear and testify in person at a hearing and obtain further evidence from a psychological [ME], who should review all mental health evidence available, to clarify the nature and severity of [Plaintiff]'s impairments (20 CFR [§§] 1527(e) and 416.927(e)[] and Social Security Ruling 96-9p).

• Give further consideration to all opinions, including those of consultative examiners and State agency consultants, pursuant to the provisions of 20 CFR [§§] 404.1527 and 416.927 and Social Security Rulings 96-2p, 96-5p, 96-6p, and explain the weight given to such opinion evidence.

Tr. at 1319-20. The Appeals Council observed that Plaintiff had filed "subsequent claims" for DIB and SSI on January 17, 2013. Tr. at 1320; see Tr. at 581-92, 593, 594-605, 635-41. So, because "[t]he Appeals Council's action with respect to the present paper claims render[ed] the subsequent claims duplicate," the second ALJ was directed to "consolidate the claim files, create a single paper record, and issue a new decision on the consolidated claims." Tr. at 1320 (citing 20 C.F.R. §§ 404.952, 416.1452; HALLEX I-1-10-10).

It is evident that the second ALJ never became aware of the instructions regarding consolidation of the claims. The second ALJ held a hearing on August 3, 2016, during which she heard testimony from Plaintiff, who remained represented by counsel, and from a ME. Tr. at 1422-43.[6] At the time of this hearing, Plaintiff was forty-three years old. Tr. at 1425.

_____

[6] A VE appeared for this hearing but did not testify. See Tr. at 1422-43; see also Tr. at 1259.

During the hearing, the second ALJ indicated her understanding of why the case had been remanded: "[we] are sitting here today based upon a November 20th, 2015 remand specifically requesting clarification of the nature and severity of your psychiatric impairment, mainly because of the findings previously regarding the implications of the polysubstance abuse." Tr. at 1424. At another point in the proceeding, the ME, a board certified psychiatrist, seemed confused about the intended scope of his testimony. Tr. at 1425-26. The ME referred to the file as "prolific" and noted that he had recently received "medical documentation principally related to 2014, but some records also from 2016." Tr. at 1425-46. The second ALJ clarified the scope of the proceedings with the ME:

> Well, what we have here is an extended claim with an application filed in 2009 with an alleged disability onset date of January 1st, 2007. There were previous decisions in this file which specifically addressed whether [Plaintiff]'s substance abuse exacerbated other symptoms of psychiatric impairments. So the indication from the courts ha[s] been that they would like a psychiatrist to review the full record, which it sounds like you do. [sic] have because we have that gap in our records as well, and form an opinion as to the actual diagnoses and impairments that existed in 2007 and forward.

Tr. at 1426.

Following the hearing, the second ALJ issued a decision ("the Decision") on September 1, 2016, finding Plaintiff was not disabled through the date of the Decision. Tr. at 1259-86. The second ALJ in the Decision wrote her understanding of the remand instructions:

> Pursuant to the District Court remand order, the Appeals Council has directed the undersigned to provide [Plaintiff] with the opportunity for an in-person hearing. In addition, the undersigned was directed to obtain further evidence from a psychological [ME] who has reviewed all of the medical evidence to clarify the nature and severity of [Plaintiff]'s mental health impairments.

Tr. at 1259. The second ALJ also noted that Plaintiff had "filed five applications for disability, [DIB,] and [SSI]," and that "[i]n the instant application, [Plaintiff] alleges the inability to work since January 1, 2007."[7] Tr. at 1265. Finally, the second ALJ concluded that [b]ased on the application[s for DIB and SSI] protectively filed on October 26, 2009, [Plaintiff] is not disabled." Tr. at 1286. Nowhere in the second ALJ's twenty-eight page September 1, 2016 Decision is there any mention of Plaintiff's subsequent claims filed on January 17, 2013 or the Appeals Council's directives that the files be consolidated and the Decision be rendered based on the consolidated claims. See generally Tr. at 1259-86.

Plaintiff did not ask the Appeals Council to review the Decision, and the Appeals Council did not assume jurisdiction of the case. See Pl.'s Br. at 4. Accordingly, the second ALJ's Decision became the final Decision of the Commissioner. See 20 C.F.R. §§ 404.984(a); 416.1484(a).

### III. Proceedings in this Case

On November 22, 2016, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision. As is typical in social security appeals cases in this Court, Defendant filed an Answer (Doc. No. 15), along with a transcript of administrative proceedings (Doc. No. 17). Thereafter, a Scheduling Order (Doc. No. 18) was entered directing the parties to file memoranda in support of their respective positions. Plaintiff's Brief (Doc. No. 19) was filed on July 17, 2017. In it, Plaintiff advances three arguments: (1)

---

[7] Notably, the alleged onset disability date for the 2013 applications is listed on various documents in the modified administrative transcript as March 12, 2011, see, e.g., Tr. at 581, 594, more than four years after the January 1, 2007 date with which Plaintiff proceeded in her 2009 applications and upon which the second ALJ ultimately relied.

the second ALJ failed to comply with the Appeals Council's November 20, 2015 Remand Order because the second ALJ did not consolidate the claim files as directed, Pl.'s Br. at 16-17; (2) the second ALJ failed to apply the correct legal standards in evaluating the opinions of Timothy S. Shaw, Ph.D., Plaintiff's treating psychologist; A.W. Barber, M.D., a consultative examiner; and Julie L. Parker, Psy.D., a consultative examiner, id. at 17-22; and (3) the second ALJ failed to apply the correct legal standards to Plaintiff's substance abuse, id. at 22-25.[8]

Then, the proceedings became atypical. More than a month after Plaintiff's Brief was filed, Defendant on August 21, 2017 filed an unopposed motion seeking to remove the originally-filed administrative transcript (Doc. No. 17) and replace it with a modified one. See Defendant's Unopposed Motion for Withdrawal of the Administrative Record and Replace with the Modified Administrative Record (Doc. No. 20; "Motion to Replace"). Defendant sought to replace the original administrative transcript because it contained pages that referred to an individual who is not the Plaintiff in this matter.[9] Id. at 1. The undersigned entered an Order on August 29, 2017 (Doc. No. 22) granting the relief requested and accepting the already-filed modified administrative transcript (Doc. No. 21).

Then, on October 5, 2017, Defendant filed an Opposed Motion to Supplement the Record (Doc. No. 25; "Motion to Supplement"). The Motion to Supplement evidently was filed in response to Plaintiff's argument on appeal that the second ALJ failed to comply with

---

[8]     As explained in the Discussion section below, the undersigned does not reach the second and third issues.

[9]     Although not mentioned by Defendant in the Motion to Replace, it became evident to the undersigned that the originally-certified transcript (which was mailed to the undersigned's chambers) also contained privileged and sensitive SSA internal documents.

the Appeals Council's instructions to consolidate Plaintiff's claims. Along with the Motion to Supplement, Defendant filed a proposed supplemental administrative transcript (Doc. No. 26; "proposed supplemental transcript"). Defendant in the Motion to Supplement admitted that the Court was being asked to "inquire outside the administrative record" and argued that the Court could do so as "necessary to explain the agency's action." Motion to Supplement at 2. Referring to the proposed supplemental transcript as "extra-record evidence," Defendant stated that the proposed supplemental transcript would "show that the [second] ALJ properly complied with the Appeals Council's order," id. at 3, but did not explain how. On October 19, 2017, Plaintiff's Response to Defendant's Opposed Motion to Supplement the Record (Doc. No. 27) was filed, in which she argued that the "Court should not allow [Defendant] to attempt to correct her error during an appeal before this Court," id. at 2.

On November 20, 2017, the undersigned entered an Order (Doc. No. 28; "November 20, 2017 Order") granting in part and otherwise denying the Motion to Supplement. In the November 20, 2017 Order, the undersigned observed that it seemed inappropriate to rule in a vacuum on the issue of whether the modified transcript should be supplemented. November 20, 2017 Order at 2. The November 20, 2017 Order also stated that it was unclear whether the lack of supplemental evidence in the certified modified administrative transcript was due to a clerical error (i.e., it was inadvertently omitted when certified) or whether the SSA, for whatever reason, did not deem it appropriate to include the supplemental evidence when the transcript was certified. Id. The answer to this question would likely inform the Court on whether it is permitted to consider the proposed supplemental transcript, given that a district court's review of the Commissioner's final

decision pursuant to sentence four of 42 U.S.C. § 405(g) is limited to the certified administrative record. 42 U.S.C. § 405(g); see also Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267-68 (11th Cir. 2007) (quoting Caulder v. Bowen, 791 F.2d 872, 876 (11th Cir. 1986) (noting that "evidence first presented to the district court [cannot] be considered for the purposes of a sentence four remand because 'a reviewing court is limited to the certified administrative record in examining the evidence'")). The lack of explanation about why the proposed supplemental transcript had not been certified initially, combined with the limited authority cited by Defendant in the Motion to Supplement, were unconvincing on the point of whether the proposed supplemental transcript should be considered. November 20, 2017 Order at 2-3.

The November 20, 2017 Order granted the Motion to Supplement only to the extent that the parties were advised of the following:

> As part of the . . . ultimate recommendation of how to resolve this appeal, the undersigned will determine whether it is appropriate to consider the evidence in the [proposed] supplemental transcript (Doc. No. 26), and if so, will consider that evidence in conjunction with Plaintiff's argument on appeal.

Id. at 3. Defendant was ordered to file her memorandum in support of the Commissioner's final decision by December 5, 2017, and was further directed to address in the memorandum the matters set forth in the November 20, 2017 Order. Id. Plaintiff was directed to file a reply addressing these matters (and any others she wished to address) by December 19, 2017. Id. Otherwise, the Motion to Supplement was denied. Id. at 4.

Defendant timely filed her Memorandum in Support of the Commissioner's Decision (Doc. No. 29; "Defendant's Memorandum" or "Def.'s Mem."). In Defendant's Memorandum, she seems to have retreated from the statement in the Motion to Supplement that the

proposed supplemental transcript would demonstrate that the second ALJ "properly complied with the Appeals Council's order."  Motion to Supplement at 3.  Instead, Defendant argues that "Plaintiff failed to show that the [second ALJ] did not comply with the Appeals Council's order and, even if the [second ALJ] did not comply, Plaintiff has failed to demonstrate harmful error."  Def.'s Mem. at 6 (emphasis omitted).  In making this argument, Defendant states, "Plaintiff has not shown that the exhibit list's omission of the subsequent application, which had effectively become moot, demonstrates the agency did not consolidate the applications."  Id.  Defendant goes on to state that she "has accessed and compared the evidence from Plaintiff's January 2013 applications with the evidence before the ALJ at the time of her decision."  Id. at 7.  According to Defendant, "with the exception of a January 28, 2013 reevaluation note, all the medical records contained in her subsequent January 2013 application file were in fact contained in the record before the [second] ALJ at the time she rendered her decision."  Id. Defendant attaches a chart to demonstrate this point.  Id. at Ex. A.  The chart compares the evidence in the modified administrative transcript with evidence in the proposed supplemental transcript.  Id.  In essence, then, Defendant is asking the Court to consider the proposed supplemental transcript and compare it to the evidence in the modified administrative transcript.  Yet, despite having been afforded the opportunity to provide legal authority that would allow the Court to consider the proposed supplemental transcript, Defendant has failed to do so.  See id. at 6-8.

Defendant goes on to argue that the January 28, 2013 reevaluation note (which was not considered by the second ALJ) "in fact supports the [second] ALJ['s] decision that Plaintiff was not as disabled as alleged."  Id. at 8.  Obviously, the Court would need to

consider the January 28, 2013 note to make such a finding.  Defendant concludes, "[A]ny error in the [second] ALJ's failure to admit into evidence and consider [the] January 28, 2013 reevaluation note is, therefore, harmless, and remand on this ground would be a futile exercise."  Id. (citation omitted).[10]

Defendant's Memorandum does not directly address the Court's question set forth in the November 20, 2017 Order, that is, whether it is appropriate for the Court to consider the evidence set forth in the proposed supplemental transcript in the first instance.  So, the undersigned entered another Order on December 7, 2017 (Doc. No. 30; "December 7, 2017 Order") directing Defendant to file a supplemental memorandum addressing the following issues:

> A.  Whether the lack of supplemental evidence in the [modified administrative] transcript was due to a clerical error (i.e., it was inadvertently omitted when certified) or whether the Administration, for whatever reason, did not deem it appropriate to include the supplemental evidence when the transcript was certified; and
>
> B.  Whether there is legal authority for the Court to consider the proposed supplemental transcript in light of whatever reason it was omitted from the [modified administrative] transcript and certification.

December 7, 2017 Order at 4.  The December 7, 2017 Order directed Plaintiff to file her reply addressing these matters (and any others she wished to address) by January 5, 2018.  Id.

On December 19, 2017, Defendant's Supplemental Brief (Doc. No. 31; "Def.'s Supp.") was filed, along with a Declaration of Donald A. Levine, Chief of Court Case Preparation and

---

[10]     Defendant also discusses the second ALJ's evaluation of the various medical opinions that Plaintiff challenges, Def.'s Mem. at 9-17; and discusses the findings regarding Plaintiff's substance abuse, id. at 17-20.  As noted above, however, the undersigned does not reach these issues.

Review Branch 3, Office of Appellate Operations, Disability Adjudication and Review, Social Security Administration (Doc. No. 32; "Levine Declaration" or "Levine Decl."). Through the Levine Declaration, Defendant explains the general process that the Office of Appellate Operations ("OAO") follows in preparing certified administrative transcripts in cases that are remanded to the SSA from this Court. Levine Decl. at 1-3. It is, undoubtedly, a labor intensive process, id. at 3, especially in a case like this one. Mr. Levine recognizes in his declaration that while the original case filed in this Court (6:12-cv-1632-Orl-41TBS) was pending, Plaintiff filed subsequent applications. Levine Decl. at 4. Mr. Levine also notes the Appeals Council's instruction to consolidate the claim files; "associate the evidence; and issue a new decision on the consolidated claims." Id. at 4-5.

According to Mr. Levine, after the instant case was filed, on February 21, 2017, the certified transcript was prepared. Id. at 5. Then, due to an error in the certified transcript containing pages referring to an individual other than Plaintiff, it had to be corrected on April 18, 2017. Id. at 5. (That corrected version is what the undersigned is referring to as the modified administrative transcript, filed April 21, 2017 (Doc. No. 21)). Mr. Levine then states: "Our office has examined the record and I declare this modified administrative record, certified on April 18, 2017, contains all of the evidence of record considered by the [second ALJ] in issuing the [D]ecision dated September 1, 2016." Levine Decl. at 5.

Mr. Levine then states, "Due to a mistake, the Court Case Preparation and Review Branch 3 prepared a supplemental administrative record on October 4, 2017." Id. (citing id.

at unattached Ex. 6[11]). (This October 4, 2017 supplemental administrative record is what the undersigned is referring to as the proposed supplemental transcript, filed October 5, 2017 (Doc. No. 26)). According to Mr. Levine, "[t]hat set of documents contained, with the exception of a two-page treatment note from Anthony Pic[c]hiello, M.D., dated January 28, 2013, documents from the January 17, 2013 claim file that are entirely duplicative of documents already contained in the modified administrative record, certified on April 18, 2017." Id.

Mr. Levine's characterization of the preparation of the proposed supplemental transcript having been done "[d]ue to a mistake" is interpreted by the undersigned to mean it was prepared mistakenly. This interpretation makes sense, given the preceding sentence in which Mr. Levine confirms that the only evidence before the second ALJ at the time the Decision was rendered was the earlier-certified modified administrative transcript. That begs the question, then, of why the proposed supplemental transcript was ever filed in this Court in the first place.

Defendant urges that, notwithstanding Mr. Levine's declaration that the October 4, 2017 proposed supplemental transcript was prepared mistakenly, "the Court has legal authority to review [it] pursuant to sentence four [of 42 U.S.C. § 405(g)] because [it] is duplicative of the material already contained in the [modified administrative transcript], certified on April 18, 2017." Def.'s Supp. at 5-6. Defendant then asserts that "although the

---

[11] According to the Levine Declaration, there are six exhibits attached to the declaration. In reality, there are only four, labeled 1-4. See Levine Declaration. Exhibit 5 evidently was intended to be the certification from April 18, 2017; and Exhibit 6 evidently was intended to be the certification from October 4, 2017. See id. at 5. These certifications appear elsewhere in the record, at the unnumbered beginning pages of the modified administrative transcript and the proposed supplemental transcript, respectively.

Appeals Council's remand order dated November 20, 2015 gave instructions to consolidate, the remand order also acknowledged the procedural fact that the representative agreed the claim file was already accurate and complete." Id. at 6-7 (citing Tr. at 1320, 1318). "Furthermore," argues Defendant, "the [second ALJ] considered the evidence from the January 2013 claim file in issuing the [D]ecision dated September 1, 2016." Id. at 7 (citations omitted). Defendant concludes that "any error in failing to admit into evidence Dr. Picchiello's January 28, 2013 treatment note was inadvertent and harmless." Id.

Plaintiff's Reply Brief (Doc. No. 33; "Reply") was filed on January 5, 2018. Plaintiff reiterates the argument that "the [second] ALJ failed to comply with the Appeals Council's remand order and rendered a decision based on an incomplete record." Reply at 3. She points out that in addition to the January 28, 2013 treatment note, the proposed supplemental transcript contains some SSA administrative documents that are not in the modified administrative transcript that the second ALJ considered. Id. Plaintiff "requests that this case be remanded for further administrative proceedings." Id.

### IV.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard

is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## V.  Discussion

After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned ultimately recommends that the Commissioner's final decision be reversed and remanded for further proceedings because, contrary to the directives of the Appeals Council, the second ALJ inexplicably did not consolidate the later-filed applications, and her Decision was not issued based upon all then-pending claims. Given this recommendation, it is unnecessary to address Plaintiff's remaining two arguments on appeal.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues). Given Defendant's request for the Court to consider

the proposed supplemental transcript in conjunction with deciding the issue on appeal, Defendant's request is addressed first, followed by a discussion of the issue on appeal.

## A. The Proposed Supplemental Transcript

Pursuant to 42 U.S.C. § 405(g), upon the commencement of a civil action in the district court, "[a]s part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." As noted previously, a district court's review of the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) is limited to the certified administrative record. 42 U.S.C. § 405(g); see also Ingram, 496 F.3d at 1267-68 (quoting Caulder, 791 F.2d at 876 (noting that "evidence first presented to the district court [cannot] be considered for the purposes of a sentence four remand because 'a reviewing court is limited to the certified administrative record in examining the evidence'")).

Defendant's ever-evolving position on the proposed supplemental transcript is perplexing. Initially, Defendant contended, without explanation, that it would "show that the [second] ALJ properly complied with the Appeals Council's order." Motion to Supplement at 3. Then, in Defendant's Memorandum, she seems to have retreated from the statement in the Motion to Supplement, instead arguing that "Plaintiff failed to show that the [ALJ] did not comply with the Appeals Council's order and, even if the [ALJ] did not comply, Plaintiff has failed to demonstrate harmful error." Def.'s Mem. at 6 (emphasis omitted). Then, in response to the Court's (second) inquiry about "[w]hether the lack of supplemental evidence in the [modified administrative transcript] was due to a clerical error (i.e., it was inadvertently omitted when certified) or whether the Administration, for whatever reason, did not deem it

appropriate to include the supplemental evidence when the transcript was certified," December 7, 2017 Order at 4, the position changed again. Now, according to Mr. Levine himself, the proposed supplemental transcript was prepared "[d]ue to a mistake," Levine Decl. at 5, which the undersigned interprets to mean it was mistakenly prepared, see supra at Section III (Proceedings in this Case). Yet, Defendant still urges the Court to consider it, now saying it should be treated "as duplicative." Def.'s Supp. at 6. Although invited by the Court (twice), Defendant provides no legal authority (other than the statute itself, which does not seem to support Defendant's position) upon which the Court can rely to consider it. See id.

This case demonstrates why the requirement of certifying the administrative proceedings and filing the transcript with the answer, i.e., early in the case, is important. The amount of time that has been expended in dealing with this issue, which evidently was a waste, is inordinate. And in light of Mr. Levine's declaration that preparing the proposed supplemental transcript (consisting of 163 extra pages, for a grand total of more than 1600 for the Court to review) was "[d]ue to a mistake," it surely seems inappropriate to consider it under sentence four of 42 U.S.C. § 405(g), which limits the Court's review to the "certified administrative record." See, e.g., Alzamora v. Comm'r of Soc. Sec., No. 6:13-cv-1338-Orl-DAB, 2014 WL 7274209, at *4-5 (M.D. Fla. Dec. 22, 2014) (unpublished) (reversing and remanding a social security benefits denial, in part, when a "second supplemental transcript" was filed by Defendant, and finding that the filing, "of course, begs the question as to whether or not the ALJ had the [records in the second supplemental transcript] before him at the time of his decision").

Even if the Court does consider the proposed supplemental transcript, though, there are a few points worth making.  First, Defendant contends that almost all of the medical evidence in the proposed supplemental transcript was considered by the second ALJ, and in fact, was added to the record by the first ALJ upon this Court's first remand.  Def.'s Supp. at 6.  Thus, according to Defendant, "the ALJs complied with all of the remand orders from the Court and the Appeals Council."  Id.  While it may be true that most of the medical evidence contained in the proposed supplemental transcript eventually was considered by the second ALJ (whose Decision this Court reviews), even Defendant concedes that Dr. Picchiello's January 28, 2013 treatment note was not added or considered by either ALJ. Id. at 7; see proposed supplemental transcript (Doc. No. 26) at 1539-40.[12]  In sum, if the Court were to accept Defendant's contention on this point, there would have been no need for the Appeals Council to direct the second ALJ to "consolidate the claim files . . . and issue a new decision on the consolidated claims," Tr. at 1320 (citations omitted), because the first ALJ would have already done what was required with respect to the later-filed applications. In other words, the Appeals Council's instructions in this regard would be rendered meaningless.

Second, Plaintiff points out that there are some administrative documents in the proposed supplemental transcript that were not considered by the second ALJ.  See Reply

---

[12]     Regarding the completeness of the file, Defendant points out that the Appeals Council in the November 20, 2015 remand Order "acknowledged the procedural fact that the representative agreed the claim file was already accurate and complete."  Def.'s Supp. at 6-7.  The Appeals Council actually made this observation while describing the chronology of the case, regarding the state of the file before the first ALJ's July 18, 2014 decision and before this Court's second remand.  Tr. at 1318.  Even after this acknowledgment by Plaintiff's representative, as noted by the Appeals Council, additional medical and opinion evidence was submitted or otherwise discovered by the SSA.  Tr. at 1318.  Dr. Picchiello's January 28, 2013 note at issue predates all of these events.  Yet, somehow the note did not make it into the modified administrative transcript but is included in the proposed supplemental transcript.

at 2 (citing proposed supplemental transcript at 1491, 1532).  These documents, while not overwhelming in terms of their content, do note interactions with Plaintiff by the disability determination office personnel.  <u>See</u> proposed supplemental transcript at 1491 (Report of Contact dated March 29, 2013 noting, among other things, that Plaintiff "was distracted during the conversation," "was not satisfied with mental CE and was asking if another CE can be scheduled with another psychologist"), 1523-33 (Disability Reports containing information about conditions, work history, job history, medical treatment, and observations about Plaintiff's slurred speech).

Third, and most importantly, given the characterization of preparing the proposed supplemental transcript as a "mistake" and given all of the other problems with the claims files (detailed in the above sections), the undersigned is not satisfied that the modified administrative transcript or the proposed supplemental transcript are accurate or complete as to the later-filed applications.[13]

## B.  Error by the Second ALJ in Failing to Follow Remand Instructions

When "[t]here is no imprecision in [remand] instructions," they must be followed. <u>Winn-Dixie Stores, Inc. v. Dolgencorp, LLC</u>, — F.3d — , 2018 WL 626799, at *6 (11th Cir. Jan. 31, 2018).  The undersigned concludes that, contrary to the explicit instructions of the Appeals Council, the second ALJ erred by failing to recognize that Plaintiff filed subsequent

---

[13]     It goes without saying that this matter could have been handled with more care.  As detailed previously, the early administrative proceedings were prolonged because of the absence of large portions of medical evidence in the file.  Also, the Court's relevant documents and instructions from the second remand do not appear in the modified administrative transcript.  Finally, there was a problem earlier in this case when it was discovered that the originally-certified administrative transcript contained documents relating to an individual who is not Plaintiff and also contained other privileged and sensitive internal documents not meant to be disseminated.

applications and by failing to issue a decision that took these applications into account. As detailed in the above sections, it is clear that the second ALJ was under the mistaken impression both during the hearing and in drafting the Decision that only the November 2009 applications were at issue. This mistake led the second ALJ (probably unintentionally) to fail to follow explicit remand instructions. Even if the proposed supplemental transcript is considered as Defendant urges, in light of the foregoing observations about it and the modified administrative transcript, the undersigned is unable to determine that the second ALJ's failure to follow the remand instructions was harmless. Accordingly, the matter must be reversed and remanded for the SSA to "consolidate the claim files, create a single paper record, and issue a new decision on the consolidated claims." Tr. at 1320 (citations omitted).[14]

## VI. Conclusion

For the foregoing reasons, it is

**RECOMMENDED THAT**:

1.    The Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

---

[14]    In Plaintiff's Brief, she requests that the Court order the SSA to complete the proceedings on remand within 120 days. <u>See</u> Pl.'s Br. at 25. The undersigned recommends urging the SSA to complete the proceedings as soon as practicable, but declines to recommend placing a specific time limitation on the matter.

(a) Consolidate the 2009 and 2013 claim files, create a single paper record, and issue a new decision on the consolidated claims, as previously instructed by the Appeals Council; and

(b) Take such other action as may be necessary to resolve these claims properly and as soon as practicable.

2. The Clerk be further directed to close the file.

3. Plaintiff's counsel be advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 5, 2018.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Hon. Roy B. Dalton, Jr.
United States District Judge

Counsel of record