UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GINNY LYNN NORRIS,

           Plaintiff,

vs.                                           Case No. 6:16-cv-2040-Orl-37JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

           Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

    This cause is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 38; "Motion"), filed April 17, 2018. In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,363.43. Motion at 1-3; see id. at 6, 8. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2.

    Plaintiff's counsel indicates a total of 22.3 hours were expended by two attorneys in the representation of Plaintiff before the Court: 1.3 hours by attorney Richard A. Culbertson from 2016 through 2018; and 21 hours by attorney Sarah Fay in 2016 and 2017. Id. at 2; see id. at 10-11 (attached Schedules of Hours). Plaintiff requests an hourly rate of $192.67

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

in 2016 and $195.95 in 2017 and 2018. Id. at 2. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees.[2] Further, the number of hours expended is reasonable.

Plaintiff has assigned her rights to any entitlement of attorneys' fees due under the EAJA to her counsel. Motion at 2; see Doc. No. 38-1 (Retainer Agreement). Plaintiff represents as follows:

> The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Motion at 2. Plaintiff requests that the Court "authorize payment of the attorney fees to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the Government." Id. at 3; see id. at 8. To the extent that Plaintiff asks for the Court to order the Commissioner to accept her assignment upon verification that she does not owe a federal debt, in other unrelated cases, the Court declined the undersigned's recommendation to do so. See McDonald v. Berryhill, No. 6:16-cv-1150-Orl-37JRK, 2017 WL 2992060, at *1-2

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited May 14, 2018). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-OC-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

(M.D. Fla. July 14, 2017) (Dalton, J.); <u>Cuthbertson v. Berryhill</u>, No. 6:15-cv-2062-Orl-41JRK, Order (Doc. No. 30) (M.D. Fla. June 1, 2017) (Mendoza, J.). Accordingly, the undersigned declines to recommend ordering acceptance of the assignment.

In accordance with the foregoing, it is

**RECOMMENDED**:

1. That Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 38) be **GRANTED** to the extent that the Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant for attorneys' fees in the amount of $4,363.43 pursuant to 28 U.S.C. § 2412(d).

2. That in all other respects, the Motion be **DENIED**.

3. That the Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 14, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

The Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of record