**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GINNY LYNN NORRIS**

          **Plaintiff,**

v.                                                                    **Case No: 6:16-cv-02040-RBD-DCI**

**COMMISSIONER OF SOCIAL**
**SECURITY**

          **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc. 41)** |
| **FILED:** | **November 3, 2025** |

**THEREON** it is **Recommended** that the motion be **GRANTED**.

Plaintiff's counsel moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1). Doc. 41 (the Motion). Plaintiff's counsel states that following the Court's reversal of the Commissioner's decision denying disability benefits and remand of the case for further administrative proceedings, Plaintiff was awarded $94,796.00 in past-due benefits. Doc. 41 at 2.

A quarter of the total amount of benefits awarded is $23,699.00. *See* 42 U.S.C. § 406(b)(1) (recovery of such fees under this section may not exceed 25% of the total past-due benefits). Plaintiff's counsel now seeks $19,335.57 in attorney fees pursuant to § 406(b). Doc. 41 at 2 (25% of the past-due benefits, $23,699.00 (Appendix 2, page 3) minus the EAJA fees awarded,

$4,363.43 (Doc. 40) equals $19,335.57); *see Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (holding that counsel may effectuate the refund of a smaller EAJA award by either refunding the amount awarded under the EAJA to the client or deducting that amount from counsel's request for § 406(b) fees). Upon review, the undersigned finds that Plaintiff's counsel's request for $19,335.57 in attorney fees does not run afoul of the limit imposed by § 406(b) and is reasonable under the circumstances of this case. The Commissioner has not opposed the Motion. Doc. 41 at 3; *see* Local Rule 3.01(d). Regardless, for the reasons set forth in the Motion, the undersigned finds that, given the circumstances of this case, the contingent nature of recovery, and the experience, specialization and skill of counsel, the amount requested is not a windfall or otherwise subject to reduction.

Accordingly, it is respectfully **RECOMMENDED** that the Motion (Doc. 41) be **GRANTED** and Plaintiff's counsel be authorized to charge and collect from Plaintiff $19,335.57 in attorney fees.

<u>**NOTICE TO PARTIES**</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 30, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

2